Submitted on record and appellant's brief January 4,
reversed and remanded February 2, 1973

STATE ex rel BLACK, *Appellant, v.* AMERICAN
RECOVERY, LTD. et al, *Respondents.*

505 P2d ·1166

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance for respondents.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

Plaintiff Real Estate Commissioner filed suit seeking an injunction restraining defendant corporation and certain named officers and employes from engaging in the business of a collection agency in Oregon without a license or certificate of authority from the plaintiff allowing them to do so. Defendants demurred. The court sustained the demurrer. The plaintiff refused to plead further. The court then entered a judgment of dismissal of the amended complaint. Plaintiff appeals.

At the outset we find ourselves handicapped to understand the position of the defendants since they have filed no brief and instructed their attorneys not to appear further in the matter because, according to their attorney's letter to this court, "other arrangements apparently * * * [have] been made to solve the problem." We are not clear whether in fact this matter is now moot, and therefore proceed to examine the complaint.

The demurrer was on the ground that the amended complaint failed to state a cause of suit.

In essence the complaint alleges the defendant

corporation was licensed as a collection agency by plaintiff until October 13, 1971, and the named defendants were either officers of the corporation or were prior to October 13, 1971, licensed by the plaintiff as solicitors for the defendant company pursuant to ORS 697.146.

It alleges that the president and the designated licensed operator of the agency on October 13, 1971, "voluntarily surrendered the collection agency license of American Recovery, Ltd., and his own collection agency operator's license together with all the collection agency solicitor certificates on file for American Recovery, Ltd., to the Real Estate Commissioner."

It also alleges that thereafter, "[b]etween October 13, 1971, and December 6, 1971, the defendant American Recovery, Ltd. requested that its collection agency license be restored and reissued to it"; that on December 6, 1971, the Real Estate Commissioner denied this request and set out the reasons therefor in full, as required by ORS 183.430 (2), in a letter sent to defendant, which letter was attached as an exhibit to the amended complaint.

Lastly, it alleges that the defendants "[b]etween October 13, 1971, and the present time * * * have carried on the business of a collection agency in Oregon and solicited collection agency accounts and will continue to carry on said business and solicit collection agency accounts until restrained from doing so by order of the court."

If we understand the thrust of defendants' position, it is that the language "voluntarily surrendered the collection agency license" of the defendant corporation and those of its solicitors does not sufficiently

allege an abandonment of the rights granted by those licenses to deprive the defendants of the procedural rights required in those cases where the Real Estate Commissioner denies a renewal of an existing valid license, or the revocation of one that has been suspended.

The rule is stated at 53 CJS 646, Licenses § 43:

"A license may terminate by expiration of the term for which it was granted, by *voluntary* abandonment or *surrender,* or by the death of the licensee." (Emphasis supplied.)

*See also: Shemeth v. Selectmen of Holden,* 317 Mass 278, 58 NE2d 6 (1944).

■ Generally whether or not there has been a voluntary surrender or abandonment presents a question of fact. We think the challenged allegation of the complaint sufficiently alleged facts from which a trier of the facts, if established to its satisfaction, might reasonably infer that the licenses in question had been abandoned, and thus that the procedural rights otherwise required prior to the cancellation of a valid or suspended license issued pursuant to ORS 697.010-697.470 would not apply. We conclude that a holder of such license who voluntarily surrenders it to the issuing authority with the intention of abandoning it is, under those statutes, in the same position as a new applicant who seeks the right to engage in the activity for which the license is a required prerequisite. *Phoenix Assurance Co., Limited, v. Ludwig,* 87 Ark 465, 113 SW 34 (1908).

ORS 697.275 states:

"In so far as consistent with other provisions of ORS 697.010 to 697.041, 697.061 to 697.270, 697.290

and 697.440 to 697.470, the Real Estate Division shall have the power to:

"(1) Institute legal and equity proceedings necessary for the enforcement of ORS 697.010 to 697.041, 697.061 to 697.270, 697.290 and 697.440 to 697.470.

"* * * * *"

*See also: State ex rel. Peterson v. Martin,* 180 Or 459, 176 P2d 636 (1946).

■ We think the complaint stated sufficient facts to support a cause of suit.

Reversed and remanded.